999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quelma Gerald MOREY, Defendant-Appellant.
 No. 92-30116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1993.
Decided July 21, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges; LEGGE, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Quelma Gerald Morey appeals after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Appellant argues that the district court erred in denying his motion to suppress the evidence of the firearm found during a search of his vehicle. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 An evidentiary hearing was held on defendant's motion to suppress. Defendant contended that the police's initial stop of him was not supported by an objective basis for reasonable suspicion, in violation of Terry v. Ohio, 392 U.S. 1 (1968); that the stop became a full arrest that was not supported by probable cause, in violation of Florida v. Royer, 460 U.S. 491 (1983); and that the seizure of the gun was barred under United States v. Wanless, 882 F.2d 1459 (9th Cir.1989), because neither the investigatory stop nor the arrest were valid. The district judge denied the suppression motion, stating his reasons on the record.
 
 
 5
 The factual decisions of the trial court are reviewed under the clearly erroneous standard. Maine v. Taylor, 477 U.S. 131 (1986). Questions of mixed law and fact are considered first by reviewing the factual issues under the clearly erroneous standard, then considering the applicable law de novo, and considering the application of the law to the facts de novo. United States v. Allen, 831 F.2d 1487, 1494 (9th Cir.1987), cert. denied, 487 U.S. 1237 (1988).
 
 
 6
 The district court's findings of fact were supported by the evidence and are not clearly erroneous:
 
 
 7
 Appellant was seen by police officers coming from a dark alley behind a 24 hour convenience and liquor store carrying something in his hands. The store had been the frequent target of burglaries. Appellant walked to his car, opened the passenger door, and placed the unidentified object into the car. The police approached appellant in their police car. The headlights of their car illuminated the inside of appellant's car through the open passenger door, exposing an open gun case on the front seat. The police then confronted appellant and questioned him. One of the officers looked inside the car and saw a gun clip and loose ammunition on the seat. He saw that the previously open gun case was now closed. The police asked Morey if he had any weapons. Despite the visible gun case and loose ammunition, defendant claimed that he did not. An officer reached into the car and took out the gun case. The officer opened the case and found the gun. The police called in and learned that defendant was a felon on parole, and appellant was then arrested.
 
 
 8
 Under the standard defined by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1 (1968), police must have a reasonable suspicion, supported by objective facts, that criminal action may "be afoot" to justify an investigatory stop. If a stop is warranted, the police are entitled to make a protective search. U.S. v. Parr, 843 F.2d 1228, 1230 (9th Cir.1988) (quoting U.S. v. Gonzalez, 763 F.2d 1127 (10th Cir.1985)). The reasonableness of the police's suspicion is judged by the totality of the circumstances. U.S. v. Cortez, 449 U.S. 411 (1981).
 
 
 9
 Under this standard, the police in this case articulated a reasonable suspicion to justify the stop of appellant. The main fact was seeing the gun case in appellant's car through the open door. The observation of the gun case, particularly under the time and location circumstances discussed, justified the investigatory stop and entitled the police to question appellant. The subsequent seizure of the gun case and gun was justified under Terry, because the search had a limited protective purpose. It was reasonable for the police to be concerned that the gun case might contain a gun, and for them to seize it until they determined if a full arrest was justified.
 
 
 10
 Appellant also argues that he was arrested when the officers parked their car in front of his, and that this arrest was invalid because the officers did not have probable cause. Because the stop at that point involved nothing more than a brief detention to investigate the gun case, this was a Terry stop, not an arrest, so probable cause was not required. See United States v. Robertson, 833 F.2d 777, 780-81 (9th Cir.1987); United States v. Smith, 713 F.2d 491, 493-94 (9th Cir.1983).
 
 
 11
 The order of the district court is AFFIRMED.
 
 
 
 *
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3